

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,288-01

**EX PARTE JASON ALLEN VIA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 82367-CR-A IN THE 412TH DISTRICT COURT
### FROM BRAZORIA COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of possession of a controlled substance and sentenced to fifty years' imprisonment. The First Court of Appeals affirmed his conviction. *Via v. State*, No. 01-18-00182-CR (Tex. App.—Houston [1st Dist.] Apr. 4, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective because he failed to adequately investigate the case and to present critical evidence, including evidence that co-defendant Krista Glockzin had admitted to police that the methamphetamine found in the vehicle belonged to her. Applicant also contends that the State engaged in prosecutorial misconduct by

failing to disclose favorable evidence, as well as presenting false and misleading evidence to the jury. Trial counsel filed an affidavit in response. The trial court made findings of fact and recommends that the Court deny relief. However, the trial court's findings do not analyze Applicant's ineffective assistance of counsel allegations in any sort of meaningful detail, nor do they specifically address Applicant's prosecutorial misconduct allegations. Counsel's affidavit is likewise undetailed, as all but two of his responses include only the word "deny" or "admit." Consequently, the Court finds that the trial court's findings and current writ record are insufficient to resolve Applicant's claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Brady v. Maryland*, 373 U.S. 83 (1963); *Ex parte Weinstein,* 421 S.W.3d (Tex. Crim. App. 2014). In these circumstances, additional facts are needed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to file a supplemental response to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make detailed, supplemental findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall make specific findings as what investigation counsel conducted and why counsel did not present evidence, if any such evidence existed, that Krista Glockzin confessed to police that the methamphetime in the vehicle belonged to her. The trial court shall also make supplemental findings

and conclusions of law as to Applicant's *Brady* allegation that the State failed to disclose that it had a deal with Krista Glockzin not to testify in Applicant's trial in exchange for no prison time. The trial court shall make specific findings as to whether the State had such a deal with Krista Glockzin, and if so, whether the State disclosed that deal to the defense. Finally, the trial court shall make supplemental findings and conclusions of law as to whether the State presented false or misleading evidence. The trial court shall make specific findings as to whether the State (1) withheld from the jury Glockzin's identify as the person whom Officer Jacoby had arrested two months earlier for possession of methamphetamine and as the owner of the vehicle Applicant was driving; and (2) presented an edited version of the traffic stop video that removed Glockzin's admission to police that the methamphetamine was hers. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 7, 2022
Do not publish